O’Neill, J.,
dissenting.
{¶ 65} In vacating a spousal-support award under Civ.R. 60(B), a court is not relying on its continuing jurisdiction under domestic-relations law but, rather, on its authority to vacate its own judgment. Civ.R. 60(B) recognizes the inherent power of all courts, including domestic-relations courts, to relieve a person of the unjust operation of a judgment entered by that court.
{¶ 66} In this case, there is a court order that, without question, has become unjust in its application, and I refuse to believe that by statute the legislature can simply say, “Tough.” This is not child support. It is spousal support, and it is *156 forever. Is justice served by taking a hard-line approach and holding that no matter what happens to these two people financially for the rest of their lives, this order can never be changed? That is not justice, it is vengeance. And as a judge, I believe it is wrong for my signature to perpetuate an injustice; therefore, I must dissent from the well-written but mistaken majority opinion.
Flanagan, Lieberman, Hoffman & Swaim and Richard Hempfling, for appellant.
{¶ 67} We are talking about a person’s financial ruin and a former spouse using the court system to say, “We don’t care.” In short, I think it is wrong to base our ability to do justice on whether the phrase “the court shall retain jurisdiction” happens to have been included in the original judgment. The domestic-relations court should always be responsive enough within the support context to adjust an order as justice requires. Otherwise, why not have formulaic computer robots review the facts of every case? The job of a judge is to ensure that justice prevails. That did not happen here, and as a matter of law, I would hold that all judges in Ohio have the authority to utilize Civ.R. 60(B) when they determine that a miscarriage of justice is happening with the aid of their signature.
{¶ 68} Based on the foregoing analysis, I respectfully dissent.